MÓNICA RAMÍREZ ALMADANI (SBN 234893)
MARK Y. CHEN (SBN 310450)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Tel: (424) 332-4800
Fax: (424) 332-4749
mralmadani@cov.com; mychen@cov.com

NORA A. PRECIADO (SBN 239235)
KAREN C. TUMLIN (SBN 234691)
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
preciado@nilc.org; tumlin@nilc.org

(Additional Co-Counsel for Plaintiff on Subsequent Page)

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Manuel MONTES BOJORQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; John KELLY, Secretary, Department of Homeland Security; Kevin K. MCALEENAN, Acting Commissioner, United States Customs and Border Protection; and Patricia MCGURK, Patrol Agent-in-Charge, Calexico Border Patrol Station.<br><br>Defendants. | Civil Case No. 17-CV-00780-GPC-NLS<br><br>**PLAINTIFF'S PROPOSAL FOR CONSOLIDATED HEARING**<br><br>Hon. Gonzalo P. Curiel |

Additional Co-Counsel for Plaintiff

STACY TOLCHIN (SBN 217431)
LAW OFFICES OF STACY TOLCHIN
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
Tel: (213) 622-7450
Fax: (213) 622-7233
Stacy@tolchinimmigration.com

BELINDA ESCOBOSA HELZER (SBN 214178)
LAW OFFICES OF BELINDA ESCOBOSA HELZER
712 N. Harbor Blvd.
Fullerton, CA 92831
Tel: (714) 879-5770
Fax: (714) 879-5771
bescobosahelzer@gmail.com

Devon L. Mobley-Ritter (SBN 309439)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel: (650) 632-4739
Fax: (650) 632-4839
dmobleyritter@cov.com

## I. INTRODUCTION

In light of this Court's willingness both to set an expedited discovery schedule and trial for early December 2017 and to engage in regular telephonic or in-person discovery conferences to ensure that discovery proceeds without delay, Plaintiff Juan Manuel Montes Bojorquez ("Mr. Montes") agrees with the Court's original inclination to consolidate the preliminary injunction hearing with a final hearing on the merits. *See* Fed. R. Civ. P. 65(a)(2). Although Mr. Montes continues to suffer harm from the government's refusal to let him return home, he believes that a full trial after full discovery will best aid the Court in the disposition of this case.

Accordingly, in lieu of proposing a separate evidentiary hearing solely on the preliminary injunction motion, where the Court and Defendants expressed a need for the parties to engage in additional limited discovery, Mr. Montes proposes the following schedule for a full trial on the merits consolidated with the motion for preliminary injunction, together with special accommodations for certain witnesses.

## II. CONSOLIDATED HEARING SCHEDULE

- Initial Disclosures due September 1, 2017.
- Parties propound written discovery on September 5, 2017.
- Parties respond to written discovery on September 12, 2017.
- Depositions begin on October 10, 2017, to be completed by October 20, 2017. Deposition errata sheets due by October 27, 2017.
- Memorandum of Contentions of Fact and Law due November 10, 2017.
- Witness lists due November 17, 2017.
- Exhibit lists due November 17, 2017.
- Proposed pre-trial conference order due November 21, 2017.
- Pre-trial conference on November 27, 2017, or as soon thereafter as the matter may be heard given the Thanksgiving holiday.
- Consolidated trial begins December 4, 2017, or as soon thereafter as the matter may be heard.

Mr. Montes and his counsel are prepared to expeditiously complete discovery and briefing to allow for a full trial by the close of 2017, so long as any discovery disputes from Defendants are resolved in a timely fashion.  However, in the event that Defendants delay in producing discovery or engage in conduct designed to delay the expedited trial, Plaintiff reserves the right to request an earlier evidentiary hearing solely to address the preliminary injunction motion.  Additionally, because Mr. Montes continues to suffer irreparable harm, Plaintiff respectfully reserves the right to request an earlier evidentiary hearing if the harm becomes unbearable.

## III. SPECIAL ACCOMMODATIONS

### A. Mr. Montes

As explained in Mr. Montes's preliminary injunction briefing and as substantiated by declarations and documentary evidence in the record, Mr. Montes suffers from cognitive disabilities and the effects from a traumatic brain injury sustained as a child. *See* Dkt. Nos. 26 (Doe Decl. and exhibits (sealed)) & 27 (Baranoski Decl. (partially sealed)).  As Dr. Baranoski explained in her declaration, individuals who suffer from a traumatic brain injury at a young age typically exhibit "deficits on memory, concentration, attention," and they "think and process information at a slower rate" and "need adequate time to process and respond to information."  Dkt. No. 27, ¶ 4.  Mr. Montes is no exception.  *Id.* at ¶ 6.  Mr. Montes's ability to present useful testimony hinges on making certain accommodations to address his disabilities.

*First*, due to Mr. Montes's cognitive disabilities, he will need substantial time to prepare with counsel for trial (or deposition) — more than an average witness. Accordingly, Mr. Montes respectfully requests that he be allowed to be in the U.S. one week in advance of his deposition and one week in advance of trial, so that he has adequate time to prepare and to consult with his counsel.  Mr. Montes's ability to consult with his counsel remotely is severely limited.  He does not have a computer.  Instead, he has to go to a local internet café and pay to use a computer, webcam, printer, scanner or

fax machine. Moreover, internet cafés are very public (and often loud) places entirely unsuitable for obtaining legal advice. In addition, Mr. Montes does not have consistent, good quality cell phone reception in Mexico when calling U.S. numbers or receiving international calls — despite having changed cell phones and providers a number of times since his expulsion. His cell phone's roaming Internet quality is also very poor. Added to his cognitive challenges, all of these technological hurdles make it difficult for Mr. Montes to prepare for trial or obtain effective assistance of counsel without him being present in the U.S. Likewise, travel to and from Mr. Montes's current location in Mexico is burdensome on his counsel given the substantial distance and the compressed time schedule for trial. Accordingly, contrary to the government's suggestion, Mr. Montes cannot simply be brought back to the U.S. on the day or eve of trial or his deposition.

*Second*, Mr. Montes requests that he be permitted to testify in a conference room or a less intimidating environment, rather than in open court. Testifying will place Mr. Montes in a very stressful situation and such high anxiety levels will be detrimental to his wellbeing as well as his ability to focus on the questions asked.

*Third*, Mr. Montes requests that he be permitted to testify earlier in the day since his ability to focus on questioning in a high-stress environment diminishes as the day goes on. He will also need to take breaks during his testimony. Mr. Montes's ability to focus diminishes over prolonged questioning.

*Finally*, while Mr. Montes is bilingual, he requests Spanish interpretation because he is more comfortable communicating in that language. *See* Dkt. No. 29-2 (Montes Decl.), ¶ 1. Being able to examine Mr. Montes in his preferred language will be less stressful and is a reasonable accommodation for his cognitive issues.

### B. Mr. Montes's Mother

To the extent Defendants or the Court wishes to examine Mr. Montes's mother (Jane Doe), she should be permitted to appear by videoconference rather than in person.

For reasons explained in Plaintiff's Motion to Seal (Dkt. No. 25), traveling to San Diego would present significant risk for her.  Mr. Montes's mother will also require Spanish interpretation.

### C.    Leslie Ramirez

Ms. Leslie Ramirez will require Spanish interpretation in order to testify.

DATED: August 28, 2017

Respectfully submitted,

COVINGTON & BURLING LLP

By:  */s/ Mónica Ramírez Almadani*
Mónica Ramírez Almadani
Mark Y. Chen
Devon L. Mobley-Ritter

NATIONAL IMMIGRATION LAW CENTER
Nora A. Preciado
Karen C. Tumlin

LAW OFFICES OF STACY TOLCHIN
Stacy Tolchin

LAW OFFICES OF BELINDA ESCOBOSA HELZER
Belinda Escobosa Helzer

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document has been served on August 28, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4:

**PLAINTIFF'S PROPOSAL FOR CONSOLIDATED HEARING**

Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct and that this proof of service was executed on August 28, 2017 at Redwood City, California.

*/s/ Amanda Im*
Amanda Im