CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Assistant Director
AARON S. GOLDSMITH
Senior Litigation Counsel
VA State Bar No. 45405
Email: Aaron.Goldsmith@usdoj.gov
Telephone: (202) 532-4107
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
NICOLE GRANT
Trial Attorney

ALANA W. ROBINSON
Acting United States Attorney
REBECCA G. CHURCH
Assistant U.S. Attorney
Cal. State Bar No. 259652
Email: rebecca.church@usdoj.gov
Telephone: (619) 546-7721
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Facsimile: (619) 546-7751

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Juan Manuel MONTES BOJORQUEZ, | Case Nos. 17cv780 GPC (NLS) |
| Plaintiff, | Hon. Gonzalo P. Curiel |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSAL FOR A CONSOLIDATED HEARING** |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, *et al.*, | |
| Defendants. | |

At the hearing on August 23, 2017, this Court ordered Plaintiff to provide a proposal for a possible evidentiary hearing in connection with Plaintiff's motion for a preliminary injunction and request for an evidentiary hearing.  The Court also provided Defendants three business days to respond.  Plaintiff has now advised that he does not want an evidentiary hearing. Dkt. 52.  As Defendants have previously advised the Court, while they oppose Plaintiff's motion for a preliminary injunction, they have no objection to an evidentiary hearing.

Defendants do not believe it is appropriate to handle this habeas challenge through consolidating the motion for preliminary injunction and an expedited trial under Fed. R. Civ. P. 65(a)(2), unless discovery is limited in scope.  Otherwise, this Court should rule on the pending motion for preliminary injunction and then set the matter for a regular trial schedule.  Based on Plaintiff's discovery requests thus far, Defendants believe that a number of privileges are implicated and any ultimate production will be unconducive to an expedited trial.  Defendants should have an opportunity to be heard on these matters.

In his filing with the Court, Plaintiff also has offered:  (i) a proposal for discovery, and (ii) a list of requested accommodations for trial.  As more fully set forth below, Defendants object to Plaintiff's proposals regarding discovery and believe that a discussion regarding accommodations for trial is premature (except for the issue of parole that this Court has already addressed during the August 23, 2017 hearing).

**Discovery:**  Congress did not contemplate open-ended discovery in a habeas challenge to an order of expedited removal under 8 U.S.C. § 1252(e).  Unless discovery is limited in scope, Defendants do not believe expedited discovery is appropriate in this matter.  Furthermore, Defendants object to Plaintiff's proposals regarding discovery.  Plaintiff appears to contemplate extensive written discovery with an expedited response of seven days.  Defendants should have 30 days to respond to any written discovery and to make any objections.  At this point, no protective

order has been entered and much of the evidence Plaintiff is seeking is sensitive in nature (as the Court recognized at the August 23, 2017 hearing).  To be clear, the discovery sought by Plaintiff is more involved than an agency simply producing a file or group of files.  In this context, thirty days to respond to written discovery is appropriate.

Defendants also suggest additional time for depositions (rather than the proposed October 20, 2017 cutoff date).  Plaintiff is a Mexican national currently residing in Mexico.  Pursuant to Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), a judicial authority of a contracting state may request the competent authority of another signatory state to obtain evidence by means of a Letter of Request.  *See* Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Oct. 7, 1972; 28 U.S.C. §§ 1781-82.  Mexico and the United States are both parties to the Hague Convention.  *Id.*  Pursuant to its authority in Article 2, Mexico has designated the Mexican Secretariat of Foreign Affairs (the Mexican Central Authority) as its competent authority to receive Letters of Request.  Under Federal Rule of Civil Procedure 28(b), a Letter of Request shall be issued on application and notice and on terms that are just and appropriate.  *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 544 & n.28 (1987).  Although Hague Convention procedures are not exclusive or mandatory under United States law, the Court should consider several factors including foreign law of the country where the witness or documents are located pursuant to the comity analysis identified by the Supreme Court in *Aerospatiale*.  *Id.* at n. 28 & 29; *see Mujica v. AirScan Inc.*, 771 F.3d 580, 597-602 (9th Cir. 2014) (explaining concept of international comity and balancing of considerations under *Aerospatiale*).

In Mexico, the Hague Convention governs international requests for evidence from Mexican nationals in connection with civil matters regardless of voluntariness.[1] *See* U.S. Department of State Bureau of Consular Affairs Legal Circular, *available at* https://travel.state.gov/content/travel/en/legalconsiderations/judicial/country/mexico.html (stating "[v]oluntary depositions of Mexican and third country nationals [in Mexico] require prior permission from the Mexican Central Authority for the Hague Evidence Convention."); *see also* Article 560 United Mexican States of America Federal Code of Civil Procedures (indicating Mexican authorities will abide by "provisions of Treaties and Conventions to which Mexico is a party" in the taking of evidence in litigation proceedings carried out abroad).  Because the Mexican Central Authority has expressed that the rights and prerogatives of Mexican nationals in Mexico must be safeguarded under the laws of Mexico, Defendants are consulting Mexican authorities consistent with treaty obligations and notions of comity.

Consequently, in order to secure Plaintiff's testimony, Defendants will need to either:  (i) inform the Mexican Central Authority that they will facilitate Plaintiff's travel to the United States and/or request permission to take Plaintiff's voluntary deposition in Mexico via video link from the nearest United States Consulate or Embassy without submitting a formal Letter of Request under the Hague Convention, or (ii) seek an order from this Court issuing a formal Hague Convention Letter of Request for transmission to the Mexican Central Authority to allow the taking of Plaintiff's testimony at deposition, or hearing, or at trial.

Defendants are working expeditiously to pursue a waiver and anticipate asking the Mexican Central Authority for a response by September 13.  We will keep the Court and Plaintiff apprised of any updates on this request.  Defendants will likely file

---

[1] Mexico's ratification and reservations to the Treaty are available at: https://www.hcch.net/en/states/authorities/details3/?aid=508 and http://www.hcch.net/index_en.php?act=status.comment&csid=508&disp=resdn.

a motion with the Court to formally initiate the Hague evidence process but note that approval needed from the Mexican Central Authority can take months.

There are also challenges involved in scheduling Plaintiff's deposition because he will need to be paroled into the interior of the United States for his deposition (Plaintiff's counsel has already advised that a deposition at the port of entry is unacceptable, although Defendants remain willing to facilitate such).  In addition, to the extent that other international discovery issues arise, Defendants may contact Plaintiffs' counsel and present to the Court an order addressing these foreign discovery concerns.

If Plaintiff is intending to reply upon expert witnesses as part of his case and/or in support of his accommodation requests, Defendants also anticipate requiring additional time to depose these witnesses, obtain his medical records, and potentially conduct an independent examination.

If discovery is to be expedited, Defendants suggest that the Court not require Initial Disclosures or a Memorandum of Contentions of Fact and Law.  This is a case involving the single question of whether Plaintiff removed the evening of February 18-19, 2017.  Thus, these requirements are unnecessary.  In addition, Initial Disclosures are inappropriate given that this case involves a challenge to an order of expedited removal under 8 U.S.C. § 1252(e).  While the Court may order limited discovery in its discretion, this case is different from a typical case under the Federal Rules of Civil Procedure given the policy goals behind orders of expedited removal.

**Requested Accommodations:**  Defendants renew their objection to Plaintiff's request for parole for an extended period of time prior to these dates.  As this Court recognized at the August 23, 2017 hearing, such relief is inappropriate.

With respect to Plaintiff's other requested accommodations, it is premature to address them at this time, other than that translators should be provided for witnesses who do not speak English.  Defendants have concerns with how these requests would affect their ability to fairly defend themselves and note that Plaintiff has failed to show

that such accommodations are necessary. In particular, it does not seem to be appropriate to allow Plaintiff's mother to appear and testify by videoconference rather than in person. Dkt. 52 at 5-6.

WHEREFORE, Defendants advise that they have no objection to an evidentiary hearing but do oppose expedited discovery. As to Plaintiff's other requests, Defendants object to this relief and ask, at a minimum, that they be afforded an opportunity to be heard before the Court addresses these issues.

Dated: August 31, 2017

SCOTT STEWART
Deputy Assistant Attorney General
Office of Immigration Litigation

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Assistant Director
Office of Immigration Litigation
District Court Section

*/s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel
Virginia State Bar No. 45405
Email: Aaron.Goldsmith@usdoj.gov
Telephone: (202) 532-4107
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

NICOLE GRANT
Trial Attorney

ALANA W. ROBINSON
Acting United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REBECCA G. CHURCH
Assistant U.S. Attorney
Cal. State Bar No. 259652
Email: rebecca.church@usdoj.gov
Telephone: (619) 546-7721
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Facsimile: (619) 546-7751

Attorneys for Defendants