CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Assistant Director
AARON S. GOLDSMITH
Senior Litigation Counsel
VA State Bar No. 45405
Email: Aaron.Goldsmith@usdoj.gov
Telephone: (202) 532-4107
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
NICOLE GRANT
Trial Attorney

ALANA W. ROBINSON
Acting United States Attorney
REBECCA G. CHURCH
Assistant U.S. Attorney
Cal. State Bar No. 259652
Email: rebecca.church@usdoj.gov
Telephone: (619) 546-7721
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Facsimile: (619) 546-7751

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Juan Manuel MONTES BOJORQUEZ, | Case Nos. 17cv780 GPC (NLS) |
| Plaintiff, | Hon. Gonzalo P. Curiel |
| v. | **U.S. CUSTOMS AND BORDER PROTECTION'S STATUS UPDATE** |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, *et al.*, | |
| Defendants. | |

The purpose of this status report is to update the Court with respect to statements made to the Court at the August 23, 2017 hearing and to highlight issues that have emerged in the parties' discussion regarding the scope of discovery in advance of the October 6, 2017 deadline for responses and objections. On September 15, 2017, Mr. Montes' served the attached Requests for Production of Documents and Interrogatories which are more substantial than the discovery previously discussed with the Court and, as set forth below, some differences between the parties have already emerged. *See* Exhibits 1 and 2.

1. **Video surveillance** – On August 23, 2017, the undersigned counsel indicated to the Court that it was his understanding that there was no video surveillance for the evening of February 18-19, 2017 because the video recording system tapes over the video surveillance approximately every 30 days. He advised the Court that he would need to check with U.S. Customs and Border Protection ("CBP") about this and would update the Court accordingly.

CBP has now confirmed that this is correct for the CBP Calexico Border Patrol Station. As discussed at the August 23 hearing, Mr. Montes' counsel provided a preservation letter to the U.S. Attorney's Office on April 20, 2017 (more than 30 days after the night of February 18-19). However, CBP further advises that there is video surveillance in existence from the Calexico Port of Entry ("Calexico Port") for February 18-19 between 10:00 p.m. and 4:00 a.m., specifically surveillance for the secondary inspection area and the Admissibility Enforcement Unit ("AEU").

2. **Limiting the scope of discovery to the Calexico Border Patrol Station** - As was indicated at the August 23, 2017 hearing, the parties have different views as to whether discovery should be limited to the Calexico Border Patrol Station or whether it should also include the Calexico Port. Mr. Montes contends that discovery should include both locations because: (i) he does not know where he was taken, and (ii) he alleges he was apprehended near the Calexico Port.

CBP disagrees on the grounds that (i) Mr. Montes never contends he was taken to the Calexico Port, (ii) the border patrol conducts patrols between the ports of entry, and the port of entry handles admissions into the country, and, thus, if someone is apprehended this implicates the border patrol rather than the port of entry, (iii) video surveillance of the Calexico Port for the night of February 18-19 indicates that he was not taken there, and (iv) discovery as to the Calexico Port is

burdensome in that it was more than double the number of individuals implicated in Plaintiff's requests. Given the nature of the case, extending the discovery to include the Calexico Port is, thus, not proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b).

(3) **Discovery as to preservation efforts** – Mr. Montes seeks to take discovery as to steps taken to preserve evidence following the commencement of this action. *See* Request No. 19 and Interrogatory Nos. 6-7. Post-complaint communications will not be discoverable in most instances and district courts have often found that such material need not even be logged. *See, e.g.*, *Carotek, Inc. v. Kobayashi Ventures*, *LLC*, No. 07-cv-11163(NRB), 2010 WL 201202627, *1 (S.D.N.Y. May 14, 2010) ("Since the materials were generated after the start of this litigation, we see no need for them to have been included in a log"); *iSmart Inc. Ltd v. I-DocSecure, LLC*, No. C 04-03114 RMW (RS), 2006 WL 2263910, *3 (N.D. Cal. Aug. 8, 2006) ("correspondence generated after this action was filed need not be logged"); *Keenan v. Dresdner Bank AG*, No. 97Civ.1930 (KMW)(DFE), 1999 WL 493342, *2 (S.D.N.Y. July 12, 1999) ("I see no reason why the Bank should have to list documents which were created after plaintiff filed suit"); *Turner & Boisseau, Chartered v. Nationwide Mutual Insur. Comp.*, No. 95-1258-DES, 1996 WL 129815, *2 (D. Kan. Feb. 29, 1996) (explaining that "it is obvious that any of the documents produced after this lawsuit was filed clearly implicates the work product rule and need not be disclosed").

Thus, discovery as to efforts to preserve evidence following receipt of the preservation notice are not a proper subject of discovery and CBP should not be ordered to provide a privilege log for these communications under Fed. R. Civ. P. 26(b). Almost by definition, these communications are covered by the work product doctrine and, in many cases, are also privileged (given that the preservation notice was sent to counsel).

4. **Interrogatory No. 4** – This interrogatory states:

Please identify any lawsuits, grievances, complaints, audits, or internal reviews regarding by or against CBP OR OTHER DHS AGENTS at the DHS FACILITIES IN CALEXICO for the following:

    a) complaint with the REPATRIATION ARRANGEMENTS;
    b) bias, discrimination, or harassment based on race, ethnicity, or disability;
    c) the treatment of people with mental or intellectual impairments or disabilities;
    d) the treatment of DACA recipients; and

      e)  voluntary departure or expedited removal practices at the DHS FACILITIES IN CALEXICO since January 1, 2012.

Mr. Montes contends that this discovery is needed to prepare his case for trial and to identify witnesses to depose.

      CBP contends that this interrogatory is overbroad, burdensome, raises significant privacy concerns for individuals unrelated to this lawsuit, and is not proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b). The most noteworthy aspect of Mr. Montes' account of February 18-19 is his contention that he was removed without any documentation (either in the form of an order of expedited removal or otherwise). Thus, requesting documents regarding removals in which there was an order of expedited removal (or other documentation) will generally not be relevant and will not lead to relevant evidence. To be clear, this case not a situation in which a plaintiff is alleging misconduct by a few government employees and is seeking discovery to determine if other individuals made similar complaints against those employees. Rather, here, Mr. Montes seeks all complaints for both the Calexico Border Patrol Station and the Calexico Port, regardless of whether the complaints were against CBP agents or by CBP agents and without respect to any particularized date range. There very well may be personnel complaints and grievances at these locations, but it is not reasonable for the Court to conduct a "mini-trial" on these unrelated complaints and grievances. Additionally, CBP does not have any one office that would handle these types of complaints and, thus, would need to search multiple offices that may have had some involvement.

      5.    **Scheduling** – The parties may jointly propose that certain changes to the court's scheduling order be made, including specifically the dates for depositions. In addition, the parties may request that the November 27 pretrial conference be postponed by a day. Lastly, the parties are working on a Stipulated Protective Order.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 27, 2017 | CHAD A. READLER |
| 3 | | Acting Assistant Attorney General<br>Civil Division |
| 4 | | |
| 5 | | WILLIAM C. PEACHEY<br>Director |
| 6 | | Office of Immigration Litigation<br>District Court Section |
| 7 | | /s/ Aaron S. Goldsmith |
| 8 | | AARON S. GOLDSMITH<br>Senior Litigation Counsel |
| 9 | | Virginia State Bar No. 45405<br>Email: Aaron.Goldsmith@usdoj.gov |
| 10 | | Telephone: (202) 532-4107 |
| 11 | | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation |
| 12 | | District Court Section<br>P.O. Box 868, Ben Franklin Station |
| 13 | | Washington, DC 20044 |
| 14 | | NICOLE GRANT |
| 15 | | Trial Attorney |
| 16 | | ALANA W. ROBINSON<br>Acting United States Attorney |
| 17 | | |
| 18 | | REBECCA G. CHURCH<br>Assistant U.S. Attorney |
| 19 | | Cal. State Bar No. 259652<br>Email: rebecca.church@usdoj.gov |
| 20 | | Telephone: (619) 546-7721<br>Office of the U.S. Attorney |
| 21 | | 880 Front Street, Room 6293 |
| 22 | | San Diego, CA 92101-8893<br>Facsimile: (619) 546-7751 |
| 23 | | Attorneys for Defendants |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |